OPINION
This appeal is taken from a final judgment of the Portage County Court of Common Pleas. Appellant, the State of Ohio, appeals from the trial court's dismissal of sexual predator proceedings that were pending against appellee, Edward G. Hardy.
On March 7, 1996, a jury convicted appellee of two counts of rape in violation of R.C. 2907.02, one count of kidnapping in violation of R.C. 2905.01, and one count of attempted murder in violation of R.C. 2923.02 and 2903.02. Thereafter, the trial court sentenced appellee to serve concurrent, indefinite terms of seven to twenty-five years in prison for the rape convictions. For the attempted murder conviction, the trial court ordered appellee to serve an indefinite term of seven to twenty-five years in prison consecutive to the sentence he had received for the rape convictions. The kidnapping charge was merged with the rape charges for purposes of sentencing.
In 1997, the Ohio Department of Rehabilitation and Correction recommended that the trial court schedule a hearing to determine whether appellee was a sexual predator pursuant to R.C. Chapter 2950. The trial court appointed counsel to represent appellee and scheduled the matter for a hearing on August 17, 1998 in order to determine appellee's status as a sexual predator.
On May 2, 1997, appellee filed a motion to dismiss the recommendation of the Department of Rehabilitation and Correction that he be declared a sexual predator. In a judgment entry dated May 12, 1997, the trial court granted appellee's motion to dismiss the sexual predator proceedings pending against him. The trial court did so based on its conclusion that the application of R.C. Chapter 2950 to sex offenders who were convicted and sentenced prior to January 1, 1997 violated the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution.
From this judgment, appellant timely appealed to this court. It now asserts the following assignments of error:
 "[1.] The trial court erred in dismissing the recommendation of the Ohio Department of Corrections that the defendant be adjudicated a sexual predator because the issue of the constitutionality of R.C. 2950 et seq. was not properly before the court.
 "[2.] The trial court erred to the prejudice of the appellant in determining, as a matter of law, that R.C. 2050 [sic] et seq. is unconstitutional as applied to defendants convicted and sentenced for a sexually oriented offense, as defined in R.C. 2950.01(D), prior to January 1, 1997."
In its first assignment of error, appellant posits that the trial court erred by dismissing the recommendation of the Department of Rehabilitation and Correction to adjudicate appellee a sexual predator. Appellant maintains that the issue of the constitutionality of R.C. Chapter 2950 was not properly before the trial court. Pursuant to this court's decision in State v. Reese
(Feb. 12, 1999), Portage App. No. 97-P-0048, unreported, the first assignment of error is without merit.
In its second assignment of error, appellant contends that the trial court erred by ruling that R.C. Chapter 2950 was unconstitutional as applied to sex offenders who were convicted and sentenced prior to January 1, 1997. In State v. Williams
(Jan. 29, 1999), Lake App. No. 97-L-191, unreported, this court held that R.C. Chapter 2950 was unconstitutional as applied to sexual predators under Section 1, Article I of the Ohio Constitution. Pursuant to Williams, the second assignment of error is not well-taken.
Based on the foregoing analysis, appellant's assignments of error are without merit. Accordingly, the judgment of the trial court is affirmed. _______________________________________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J.,
NADER, J., concur.